UNITED STATES of America, Plaintiff—Appellee,

v.

Kenneth Michael BULL CHILD, Defendant—Appellant.

No. 05–30128.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2005.*

Decided Dec. 12, 2005.

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a)(2).

Before: HANSEN,** W. FLETCHER, BYBEE, Circuit Judges.

### MEMORANDUM ***

Kenneth Michael Bull Child was indicted for assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(6) and 1153. He appeals the district court's denial of his Motion to Dismiss on Double Jeopardy Grounds, and we affirm.

Bull Child allegedly committed the offense conduct while he was on supervised release from a prior conviction for assault with a deadly weapon. Bull Child's supervised release was revoked, at least in part, based on the offense conduct, and he received a twelve-month prison sentence to be followed by two years of supervised release in the revocation proceeding. Bull Child claims that he is being punished twice for the same conduct, first as the basis for the revocation of his supervised release, and second as the basis for the current indictment.

This circuit has previously determined "that punishment imposed upon revocation of supervised release is punishment for the original crime, not punishment for the conduct leading to revocation," *United States v. Soto–Olivas*, 44 F.3d 788, 791 (9th Cir. 1995), and thus a subsequent prosecution for the same conduct does not violate the Double Jeopardy Clause of the Fifth Amendment, *id.* at 792. *See also Johnson v. United States*, 529 U.S. 694, 700–01, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000) ("We ... attribute postrevocation penalties to the original conviction."). Nothing in the recent Supreme Court cases of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531,

159 L.Ed.2d 403 (2004) or *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), changes that Double Jeopardy analysis. *Blakely* and *Booker* dealt with the Sixth Amendment right to a jury trial. They did not change the fact that punishment following revocation of supervised release is punishment for the original offense. *Blakely* and *Booker* are simply inapposite to Bull Child's Double Jeopardy claim.

AFFIRMED.

---

** The Honorable David R. Hansen, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

